UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

ROBERT WARDRICK, )
)
    Petitioner, )     Civil No. 11-198-GFVT
)
V. )
)     **MEMORANDUM OPINION**
)     **& ORDER**
FEDERAL BUREAU OF PRISONS, et al., )
)
    Respondents.

    \*\*   \*\*   \*\*   \*\*   \*\*

Robert Wardrick (Wardrick), an individual currently incarcerated in the United States Penitentiary—McCreary (USP-McCreary) in Pine Knot, Kentucky, has filed a pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. Wardrick having been granted pauper status [R. 4], this matter is before the court for initial screening.

**I.**

The Court reviews the § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed thereto that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)); *see*, *e.g.*, *Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa. 1979)*; see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). Because only the trial court can grant Wardrick's request to amend his motion to dismiss the indictment, relief

1

is not available to him from this Court under § 2241. For these reasons, his habeas petition will be denied and this action will be dismissed.

## II.

This § 2241 petition concerns Wardrick's underlying criminal conviction in the United States District Court for the District of Maryland (Case No. 1:01-cr-00217-MJG). Wardrick has moved to amend his motion to dismiss the indictment in this criminal case on the grounds that he was not tried on these charges within the time prescribed by the Speedy Trial Act of 1974, 18 U.S.C. § 3161(c)(1). Due to the alleged violation of his right to a speedy trial, Wardrick contends he is entitled to dismissal of these charges.

### A.

The Speedy Trial Act of 1974 ("Act") generally requires a federal criminal trial to begin within seventy (70) days after a defendant is charged or makes an initial appearance. § 3161(c)(1). The Act, however, contains a detailed scheme under which certain specified periods of delay are not counted. The Act recognizes that criminal cases are unique and that there are valid reasons for greater delay in particular cases. For example, the Act excludes "delay resulting from other proceedings concerning the defendant," § 3161(h)(1), "delay resulting from the absence or unavailability of the defendant or an essential witness," § 3161(h)(3)(A), "delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial," § 3161(h)(4), and "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted," § 3161(h)(7).

Much of the Act's flexibility is furnished by § 3161(h)(8), which governs "ends-of-justice" continuances. This provision permits a district court to grant a continuance and to

exclude the resulting delay if the court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial.  This provision gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs.  This provision, § 3161(h)(8), in relevant part:

> (A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> ....
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.
>
> (C) No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent

3

preparation or failure to obtain available witnesses on the part of the attorney for the Government."

To promote compliance with its requirements, the Act contains enforcement and sanctions provisions. If a trial does not begin on time, the defendant may move, before the start of trial or the entry of a guilty plea, to dismiss the charges. And if a meritorious and timely motion to dismiss is filed, the district court must dismiss the charges, though it may choose whether to dismiss with or without prejudice. In making that choice, the court must take into account, among other things, "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Act] and on the administration of justice." § 3162(a)(2). As the Court noted in *Zedner v. United States*, 547 U.S. 489 (2006):

> This scheme is designed to promote compliance with the Act without needlessly subverting important criminal prosecutions. The more severe sanction (dismissal with prejudice) is available for use where appropriate, and the knowledge that a violation could potentially result in the imposition of this sanction gives the prosecution a powerful incentive to be careful about compliance. The less severe sanction (dismissal without prejudice) lets the court avoid unduly impairing the enforcement of federal criminal laws-though even this sanction imposes some costs on the prosecution and the court, which further encourages compliance. When an indictment is dismissed without prejudice, the prosecutor may of course seek—and in the great majority of cases will be able to obtain—a new indictment, for even if "the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned ... within six calendar months of the date of the dismissal." 18 U.S.C. § 3288.

*Zedner*, 547 U.S. at 499.

**B.**

On May 23, 2002, following a jury trial in the United States District Court for the District of Maryland, Wardrick was found guilty of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g), and of possession and receipt of firearms not registered in the National

4

Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d).  Wardrick was sentenced on September 17, 2002, and received a 300-month sentence of imprisonment on Count 1(being a felon in possession of firearms) and a concurrent 120-month sentence on Count 2 (possession and receipt of unregistered firearms).

Wardrick's convictions were affirmed on appeal.  *See United States v. Wardrick*, 350 F.3d 446 (4th Cir. 2003).  Subsequently, he moved the trial court, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.  On August 23, 2004, the trial court denied that motion.  Wardrick appealed the denial, but his appeal was dismissed by the Fourth Circuit.  Thereafter, Wardrick filed a second § 2255 motion, which was dismissed without prejudice as successive.  Further, the Fourth Circuit has twice denied Wardrick authorization to file a successive § 2255 motion.  *See In Re: Wardrick, et al.*, CA No. 05-363 (4th Cir. July 28, 2005) and *In Re: Wardrick, et al.*, CA No. 07-109 (4th Cir. March 8, 2007).

The docket sheet of Wardrick's underlying criminal conviction in the District of Maryland reflects that on October 23, 2007, he filed a motion docketed at Docket Entry No. 125 entitled "Motion to Amend Motion to Dismiss for Speedy Trial Violation Pursuant to Title 15(c)(1)."  The same motion was also docketed at Docket Entry No. 126.[1]  The docket sheet also reflects that on June 6, 2008, District Judge Marvin J. Garbis denied Wardrick's "Motion to

---

[1] This Court has access to Wardrick's underlying criminal docket sheet through the Public Electronic Access to Public Records ("PACER") database website.  PACER compiles information concerning criminal and civil actions filed in all federal courts.  However, due to the dates when these two motions were filed (2007 and 2008), this Court is unable to access the motion itself and is only able to access the docket sheet describing the motion.  It is possible that Wardrick's present "Motion to Amend Motion to Dismiss for Speedy Trial Violation" is essentially the same motion he filed in 2007 and 2008 in the District of Maryland.  The present motion is captioned as a motion filed in the Eastern District of Kentucky, London Division, so it could not be an identical copy of Wardrick's previously filed motion, but the text of the motion and the relief sought may be the same.

Amend Motion to Dismiss for Speedy Trial Violation Pursuant to Title 15(c)(1)" (*see* Docket Entry No. 127).

Regardless of whether Wardrick in the present motion is (1) seeking to amend his motion to dismiss that was filed in the District of Maryland, (2) seeking to renew his motion to dismiss that was filed in the District of Maryland, or (3) requesting this Court to dismiss the indictment in the District of Maryland, due to a Speedy Trial Act violation, this Court, sitting in the Eastern District of Kentucky, is not authorized to grant Wardrick any relief on this particular motion. Assuming the relief Wardrick requests is accurately set out in the foregoing sentence, he must seek that relief from the trial court, the District of Maryland. For these reasons, Wardrick's § 2241 petition will be denied, and this action will be dismissed.

### III.

28 U.S.C. § 2255, as opposed to § 2241, provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010). § 2255 provides, in relevant part:

> **§ 2255.     Federal custody; remedies on motion attacking sentence**
>
> (a)   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court *which imposed the sentence to vacate, set aside or correct the sentence*. (emphasis added).

28 U.S.C. § 2255(a).

### A.

Here, Wardrick essentially claims that his sentence is unconstitutional because he was unlawfully convicted: first, he was not tried within the time specified by the Act; and second, the trial court made no on-the-record findings that the ends of justice served by a continuance of his trial outweighed the public's and defendant's interests in a speedy trial, as required by § 3161(h)(8)(A). Even if persuaded that Wardrick's habeas petition had merit (i.e., this Court was persuaded that Wardrick's right to a speedy trial had been violated), this Court, being a sister court of the District of Maryland, is unauthorized to grant dismissal of the indictment. Only the United States District Court for the District of Maryland, the United States Court of Appeals for the Fourth Circuit, or the United States Supreme Court, has the authority to dismiss the underlying indictment. Thus, Wardrick should have filed a motion in the trial court, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct sentence, requesting the same relief made in the present § 2241 habeas petition, since this Court cannot grant him the relief he seeks.

### B.

The "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). To proceed pursuant to § 2241, a federal prisoner must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

7

At this juncture, Wardrick has not established that his remedy under § 2255 is "inadequate or ineffective" to obtain the relief he seeks. The docket sheet of Wardrick's underlying criminal action reflects that he has previously filed a motion to vacate sentence under 28 U.S.C. § 2255; however, that fact does not preclude Wardrick from filing a second or successive § 2255 motion. Wardrick's course of action would be to file a motion in the United States Court of Appeals for the Fourth Circuit for permission to file a second or successive § 2255 motion in the trial court. In his present § 2241 petition, Wardrick does not state that prior to filing this action, he sought this permission from the Fourth Circuit and that such a request was denied. Had Wardrick pursued that course of action, and had the Fourth Circuit denied his request, then arguably the "savings clause" of § 2255 would entitle him to pursue the relief he seeks in a § 2241 habeas petition. However, since Wardrick appears not to have taken that course of action prior to filing this action, he has not established that his remedy under § 2255 is "inadequate or ineffective."

A movant can also implicate the savings clause when he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). Note, this requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Wardrick is unable to use this provision because he does not assert that he is "actually innocent" of the charged offenses; he simply claims that his sentence is unconstitutional because his right to a speedy trial had been violated.

8

Because Wardrick has neither established that his remedy under § 2255 is "inadequate or ineffective" nor shown that he is actually innocent of the charges of which he was convicted or that a retroactively applicable Supreme Court decision affords him relief, the savings clause of § 2255 does not apply. Wardrick's § 2241 petition will be denied, and this action will be dismissed.

## IV.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Robert Wardrick's pro se motion styled "Defendant's Motion to Amend Motion to Dismiss For Speedy Trial Violation Pursuant to Title 15(c)(1)" [R. 2] is **DENIED WITHOUT PREJUDICE** to Wardrick's right to present or renew same in the appropriate trial court in the District of Maryland.

(2) Robert Wardrick's motion to dismiss [R. 2] the indictment in his underlying criminal case because he was not tried on these charges within the time prescribed by the Speedy Trial Act of 1974 ("Act"), 18 U.S.C. § 3161(c)(1) is **DENIED WITHOUT PREJUDICE** to renew in a motion to vacate, set aside, or reduce sentence, pursuant to 28 U.S.C. § 2255, in the appropriate trial court in the District of Maryland, if he is permitted to file a second or successive § 2255 motion in the trial court;

(3) Robert Wardrick's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [R. 2], is **DENIED**;

(4) This action is **DISMISSED**, *sua sponte*, without prejudice; and

(5) Judgment will be entered contemporaneously with this Memorandum

Opinion and Order in favor of the Respondents, Federal Bureau of Prisons and the United States of America.

      This 7th day of March, 2012.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge